## SUPERIOR COURT OF BALTIMORE CITY.

Filed November 30, 1910.

THE MAYOR AND CITY COUNCIL OF BALTIMORE
VS.
THOMAS ET AL.

*Edgar Allan Poe* for plaintiff.
*William Shepard Bryan, Jr.,* and *J. Kemp Bartlett* for defendants.

HARLAN, J.—

The question before the court at this time in the above entitled cause is whether the defendants have lost the

right to a jury trial by failing to file an election in writing therefor within the time required by Rule 50 of the Rules of Court.

This rule provides, "as to defendants, such election shall be made by the defendants or any of them at or before the time of first filing a plea but in no event after the time allowed by law to plead."

The suit was brought to the July return day (July 12th), 1909. A copy of the declaration, filed in court on the day the suit was instituted, was served upon the defendants, and they were duly summoned before the said day of the return of the writt.

They appeared on that day and demurred to the declaration, and the following day, on the application of one of the defendants, the time for pleading was fifteen days after the court's ruling on the demurrer. On October 27th, 1909, the demurrer was overruled.

Three days thereafter, on October 30th, 1909, the defendants each filed an election in writing for a jury trial and subsequently and for the first time filed pleas.

Section 308 of Article IV of the Code of Public Local Laws, in accordance with which the suit was brought, provides: "When a declaration of any action shall be filed in court and a copy thereof delivered to the defendant before the return of the writ, and the defendant shall be summoned before the said day of the return of the writ, he shall plead before the next succeeding return day, or judgment by default for want of a plea shall be entered by the court or clerk thereof upon motion in writing made by the plaintiff or his attorney, then, or at any time thereafter before the filing of a plea by the defendant, unless the court for good reason shall have granted said defendant further time to plead."

The contention of the plaintiff is that "the time allowed by law to plead," under the statute just quoted, expired with the August return day, 1909, that being the next return day succeeding that to which the suit was brought.

This contention seems to me to lose sight of the concluding clause of the statute. The defendant is to plead before the next succeeding return day "unless the court for good reason shall

have granted said defendant further time to plead."

In other words, the very statute which provides for the plea being put in before the next succeeding return day confers authority upon the court to extend the time for pleading to a further day.

When the court, in the exercise of this authority, extended the time to plead to fifteen days after the demurrer was decided and the defendants filed their election within the extended time, they, in my judgment, made their election in writing within the time allowed by law to plead as required by Rule 50.

That the court acted "for good reason" in extending the time to plead until after the demurrer was decided, can hardly be questioned in view of the statutory right which parties enjoy in all cases in which a "demurrer shall be overruled to plead over to the facts of the case by way of traverse or otherwise without withdrawing the demurrer."

Code, Public Local Laws, Article 75, Section 9.

The application to have the case transferred to docket of non-jury cases will therefore be denied.